Ramey & Ramey, by J. R. Ramey, Sulphur Springs, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is for possession of whisky in a dry area for the purpose of sale; the punishment, four months in jail and a fine of $500.

A statement of the evidence is not deemed necessary. Suffice it to say that seven pint bottles of whisky were found in a service station operated by appellant, in a dry area, five pints were found in a desk drawer, one pint in a cigar box on the desk, and one pint in a car on the wash rack.

Among the many grounds of error for which reversal is claimed is that the jury was not required to find that appellant possessed the whisky for the purpose of sale.

The jury was not told that if they found beyond a reasonable doubt that appellant possessed whisky in a dry area for the purpose of sale to convict, otherwise to acquit. In fact, the court does not appear to have applied the law from the standpoint of the State.

The court was careful to instruct the jury that unless they found that the filling station, the desk, and the whisky were in appellant's possession to acquit, but declined to submit appellant's requested charge requiring the jury, in order to convict, to find that he possessed the whisky for the purpose of sale.

Without a finding that appellant possessed the whisky for the purpose of sale, the conviction cannot be permitted to stand.

The judgment is reversed and the cause remanded.

**John LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 27742.**

Court of Criminal Appeals of Texas.

Oct. 26, 1955.

Grady West, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Carrying a pistol is the offense; the punishment, a fine of $100.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.